# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 3:24-CR-24-TES |
| v. ) | |
| ) | |
| JAMES LEN RAMEY, et al. ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon the motion of the Government, pursuant to Fed. R. Crim. P. 16(d) and 18 U.S.C. § 3771(a)(1) and (8), it is hereby ORDERED:

1. The discovery material provided by the United States in preparation for, or in connection with, the proceedings in this case which is labeled "**Sensitive Discovery Material in *U.S. v. James Len Ramey, et al.*"** (referred to hereinafter as "sensitive discovery material") is subject to this protective order and may be used by the defendants and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The defendants and their counsel shall not disclose the sensitive discovery material or its contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Potential witnesses and their counsel may be shown copies of the sensitive discovery material as necessary to prepare the defense but may not retain copies without prior permission of the Court.

3. The defendants, defense counsel, and authorized persons shall not copy or reproduce the sensitive discovery material except to provide copies of the material for use in connection with this case by the defendants, defense counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original material.

4. The defendants, defense counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of the sensitive discovery material, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original material.

5. Before providing sensitive discovery material to an authorized person, defense counsel must provide the authorized person with a copy of this Order and require the authorized person to sign a statement acknowledging that the authorized person has received a copy of and reviewed this Order and has agreed to be bound by its terms and conditions subject to sanctioning by the Court for any violations of this Order. Defense counsel shall maintain a copy of the signed statement of each authorized person for a period of twelve months after the conclusion of all stages of this case and shall provide copies of the signed statement of each authorized person to the government upon request.

6. Upon conclusion of all stages of this case, all of the sensitive discovery material and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The sensitive discovery material may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such material. In the event that the sensitive discovery material is retained by defense counsel, the restrictions of this Order continue in effect for as long as the material is so

maintained, and the material may not be disseminated or used in connection with any other matter without further order of the Court.

7. The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case.

8. Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

SO ORDERED,

s/Tilman E. Self, III
Hon. Tilman E. Self, III
United States District Court
Middle District of Georgia

Date:   March 24, 2025