# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES LEN RAMEY, *and*<br>RAFAEL GOMEZ FLORES,<br><br>     *Defendants.* | CRIMINAL ACTION NO.<br>3:24-cr-00024-TES-CHW-1<br>3:24-cr-00024-TES-CHW-9 |

## AMENDED ORDER SCHEDULING TRIAL

Defendant James Len Ramey elected not to change his plea as scheduled on July 7, 2025, and wishes to proceed to trial. [Doc. 257]. On September 11, 2024, the Grand Jury returned a six-count Superseding Indictment [Doc. 9] charging Defendant and eleven co-defendants with various offenses related to an alleged conspiracy to possess and distribute illegal narcotics. Defendant was arrested on October 30, 2024, pleaded not guilty at his arraignment on November 4, 2024, and remains detained pending trial. [Doc. 153]; [Doc. 156]; [Doc. 160]. The Court declared this case complex on November 5, 2024, and has continued it numerous times. [Doc. 154]; [Doc. 257]; [Doc. 227].

At his Change of Plea hearing on July 7, 2025, Defendant Ramey notified the Court that he again wishes to exercise his right to a jury trial. Accordingly, the Court **sets Defendant Ramey's Pretrial Conference for October 1, 2025, and trial for October 20, 2025**. [Doc. 257].

Additionally, in the interests of justice and judicial economy, and because "the time for trial has not yet run" with respect to either Defendant and "no motion for severance has been granted," *see* 18 U.S.C. § 3161(h)(6), the Court also **CONTINUES** Defendant Rafael Gomez Flores' Pretrial Conference until **October 1, 2025**, and his trial until **October 20, 2025**.

In preparation for trial, the Court sets the following deadlines:

- Pretrial motions: **September 29, 2025**.
- Responses to pretrial motions: **October 6, 2025**.
- Requests to charge, proposed verdict forms, and proposed voir dire questions: **October 6, 2025**.

The parties should be prepared to discuss any filed motions in Athens on **October 1, 2025**. The parties should alert the Court as soon as possible if, during the pendency of any pretrial motion, any issue becomes moot by consent or agreement of the parties.

The Court finds that continuing this case serves the ends of justice. *See* 18 U.S.C. § 3161(h)(7)(A). The ends of justice served by continuing this case outweigh the interests of Defendants and the public in a speedy trial. *See id.* This case has already been declared complex, the delay "resulted from other proceedings concerning" Defendant Ramey, and it is necessary to provide counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." See 18 U.S.C. §§ 3161(h)(1), (7)(A), (7)(B)(ii), and (7)(B)(iv). The delay occasioned by this continuance

shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(1), (6), (7)(A), (7)(B)(ii), and (7)(B)(iv).

**SO ORDERED**, this 9th day of July, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**